# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRENT L. MOSLEY,**

        **Petitioner,**

**v.**　　　　　　　　　　　　　　　　　　　　**Civil Action No. 2:11cv24**
　　　　　　　　　　　　　　　　　　　　　　　　**(Judge Bailey)**

**TERRY O'BRIEN, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

On March 24, 2011, the *pro se* petitioner initiated this case by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Dckt. 1) On April 6, 2011, he filed an Application to Proceed Without Prepayment of Fees. (Dckt. 5) Accordingly, this case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 2.

### I. The Petition

In the petition, the petitioner, a federal inmate, complains that he has been housed in administrative detention for an excessive amount of time in violation of his due process rights. (Dckt. 1-3 at 1). In support of his claim, the petitioner asserts that he was placed in administrative detention pending prosecution for an alleged criminal act. Id. at 4. The petitioner asserts that he has been confined in administrative detention for 16 months. Id. He further contends that he has been told that he will remain in administrative detention pending his prosecution on criminal charges. Id. However, the petitioner notes that he has not yet been charged or indicted, and suggests that his administrative detention is therefore limitless, excessive and a violation of his constitutional rights. Id. at 1, 4. As relief, the petitioner seeks release from administrative detention and placement in the

general population. Id. at 7.

## II. Analysis

A § 2241 petition is used to attack the manner in which a sentence is executed. See 28 U.S.C. § 2241. More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973).

Here, the petitioner complains of the conditions of his confinement. Specifically, his claim relates to where and how he is being housed within the Bureau of Prisons. This claim is not an attack on, nor is it related in any way to, the execution of the petitioner's sentence. Thus, it is clear that the petitioner's claim should have been raised pursuant to a civil rights complaint. Preiser, at 499-500 (a civil rights action is a proper remedy for a prisoner challenging the conditions of his prison life). Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.

## III. Recommendation

For the reasons stated, the undersigned recommends that the petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (dckt. 1) be **DENIED** and **DISMISSED without prejudice** to the petitioner's right to re-file his claims as a civil rights action, and that his Application to Proceed Without Prepayment of Fees (dckt. 5) be **DENIED as moot**.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A

copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from **a** judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: April 7, 2011.

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE